IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHERRY RAY RILEY,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.　2:22-cv-00577

AMERICAN ELECTRIC POWER SERVICE CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendants American Electric Power Service Corporation's ("AEP") and Empower Retirement, LLC's ("Empower") Motion to Dismiss. (ECF No. 4.) For the reasons more fully explained below, the motion is **GRANTED**.

*I.　　BACKGROUND*

Roger Allen Riley was an AEP employee. (ECF No. 1-1 at 2, ¶ 9.) While there, Roger participated in two AEP-sponsored retirement plans ("AEP Plans").[1] (*Id.*) He designated his then-wife Plaintiff Sherry Ray Riley ("Plaintiff") as the beneficiary of each AEP Plan. (*Id.* at 2, ¶ 11.) The couple divorced sometime in 2021, or early 2022, (*see id.* at 2, ¶ ¶ 4, 8), and Roger passed away "several months" later on April 4, 2022, (*id.*). Although the two divorced some time

---

[1] The complaint does not describe the AEP Plans beyond being "retirement and 401(k) investment accounts." (ECF No. 1-1 at 2, ¶ 9.)

1

before his passing, Plaintiff alleges that Roger never removed her as the beneficiary of the AEP Plans.  (*Id.* at 2–3, ¶ 12.)

Plaintiff now claims entitlement to the AEP Plans.  (*See id.* at 3, ¶ 17.)  Plaintiff alleges that she has contacted both AEP and Empower (the latter manages the AEP Plans)[2] "to inquire as to the process of claiming her benefits as sole beneficiary."  (*Id.*)  Those efforts have been unavailing.  (*Id.* at 3, ¶ 18.)  Plaintiff further alleges that AEP and Empower "continue to refuse to honor [her] designation as beneficiary" and, instead, "intend to release the [funds] to" Roger's estate.  (*Id.* at 4, ¶¶ 19–20.)

Plaintiff filed suit in the Circuit Court of Kanawha County, West Virginia on November 9, 2022.  (ECF No. 1-1.)  She sued AEP, Empower, the Estate of Roger Allen Riley, and Miranda Riley (Roger's daughter), individually and in her capacity as the Administratrix of the Estate of Roger Allen Riley (collectively "Defendants").  (*Id.*)  Her complaint includes six counts: (1) conversion; (2) civil conspiracy; (3) breach of contract; (4) breach of contract—third party beneficiary; (5) common-law breach of fiduciary duty/bad faith; and (6) unfair trade practices. (*Id.*)  Each count relates to AEP's and Empower's alleged refusal to distribute the AEP Plans' funds to Plaintiff.  (*Id.*)

Defendants removed the action to this Court on December 13, 2022, invoking jurisdiction under 28 U.S.C. § 1331.  (ECF No. 1.)  AEP and Empower thereafter filed a motion to dismiss on December 20, 2022.  (ECF No. 4.)  In their motion, AEP and Empower argue that Plaintiff's state-law claims are preempted by the federal Employee Retirement Income Security Act of 1974

---

[2] AEP and Empower dispute this allegation.  They claim that AEP is the "Named Fiduciary and Plan Administrator" for both plans, and that "Empower is the recordkeeper . . . only for the AEP 401(k) Plan."  (ECF No. 5 at 2 n.1.)  At this juncture, however, the Court must accept Plaintiff's factual allegations as true.  *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

("ERISA"), 29 U.S.C. § 1001 *et seq.* (*Id.* at 1.) Because Plaintiff's claims are preempted, they argue, her complaint fails to state a claim and should therefore be dismissed. (*Id.* at 2.) The matter is ripe for adjudication. (ECF Nos. 5, 14, 16.)

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[3] 29 U.S.C. § 1144(a). "A state law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 377 (4th Cir. 2001) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)). This is true "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id.* at 377–78 (quoting *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 129–30 (1990)); *but see N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) (explaining that "relate to" must be given some real-world limitation, otherwise "Congress's words of limitation [would be a] mere sham"). ERISA's preemptive scope includes all state-law claims "'premised on' the existence of an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists.'" *Griggs*, 237 F.3d at 378 (quoting *Ingersoll-Rand Co. v. Mclendon*, 498 U.S. 133, 140 (1990)); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987); *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341 (4th Cir. 2007) ("[P]arties [cannot] avoid ERISA's preemptive reach by recasting otherwise preempted claims as state-law contract and tort claims."); *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 258 (4th Cir. 2005) ("The term 'State law' encompasses not only statutes but also common law causes of action, such as . . . claim[s] for breach of contract.").

---

[3] An "employee benefit plan," for ERISA purposes, includes "an employee pension benefit plan." 29 U.S.C. § 1002(3). "[A]n employee pension benefit plan" is defined as "any plan, fund, or program which was . . . established or maintained by an employer or by an employee organization, or by both," that "provides retirement income to employees." 29 U.S.C. § 1002(2)(A)(i). This covers the AEP Plans at issue here.

Plaintiff's state-law claims relate to an employee benefit plan and are thus preempted. To begin, the AEP Plans are employee benefits plans within the meaning of ERISA. *See supra* n.3. That leaves one question remaining: do Plaintiff's state-law claims relate to the AEP Plans? The answer, of course, is "yes." Her complaint "particularizes [the] wrongs committed by" AEP and Empower in refusing to honor Roger's beneficiary designation and release the AEP Plans' funds to her. *Tri-State Mach., Inc. v. Nationwide Life Ins. Co.*, 33 F.3d 309, 313 (4th Cir. 1994). "[T]hese allegations are essentially complaints about the[ir] [to failure to distribute funds] under [the AEP Plans] and, therefore, *relate to* the AEP [Plans] in the common sense meaning of that phrase." *Id.* at 314 (emphasis in original). This relationship brings Plaintiff's claims within ERISA's preemptive scope and forecloses her right to relief through her state-law claims.[4] *Pilot Life Ins. Co.*, 481 U.S. at 47–48.

As a final matter, AEP and Empower ask the Court to dismiss this case *with* prejudice for two reasons. They argue first that Plaintiff has failed to exhaust her administrative remedies, a prerequisite to her seeking judicial relief. (ECF No. 5 at 8 (citing *Conner v. Elkem Metals Co.*, 5:06-cv-00217, 2008 WL 5122197, at *3 (S.D. W. Va. Dec. 5, 2008).) They also argue that Plaintiff does not have a Qualified Domestic Relations Order ("QDRO"), which is required to remain an AEP Plan beneficiary following a divorce. (*Id.* at 8–9.)

The Court believes dismissal without prejudice is the better route. Plaintiff, no doubt, jumped the gun by filing suit before exhausting her administrative remedies. But that mistake does not prevent her from now going back, exhausting her administrative remedies, and then

---

[4] The Court notes that Count VI, Plaintiff's unfair trade practices claim, could arguably fall within an exception to ERISA's preemptive scope, but Fourth Circuit precedent bars that possibility. *Tri-State Mach., Inc.*, 33 F.3d at 314–15.

5

refiling a proper ERISA action. *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 229–30 (4th Cir. 2005) (explaining when dismissal with prejudice is appropriate for ERISA actions filed prior to administrative exhaustion). As far as the QDRO goes, the Court simply cannot tell, on this record, whether Plaintiff has one or can obtain one. That uncertainty precludes a finding that any later filing would be futile.

## IV.   CONCLUSION

For the foregoing reasons, AEP's and Empower's motion to dismiss, (ECF No. 4), is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is further **DIRECTED** to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   May 1, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE